UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MORGAN LYONS #21409-035**     **CASE NO. 2:24-CV-01389**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**USA**     **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the court is a Motion for Return of Property [doc. 1] filed by Morgan Lyons, an inmate in the custody of the Bureau of Prisons. Following a jury trial, Lyons was convicted in this court on February 9, 2022, of one count of possession with intent to distribute a controlled substance and two counts of being a felon in possession of a firearm. *See United States v. Lyons*, No. 2:19-cr-283, doc. 117 (W.D. La. June 27, 2022). He was then sentenced to concurrent terms of 137 months and 120 months of imprisonment. *Id.* at doc. 142.

On October 7, 2024, Lyons filed a pro se motion for return of property in his criminal case. *Id.* at doc. 199. There he claims that various items, namely two iPads, an iPhone, a new LG cell phone, several pairs of pants, and five pairs of tennis shoes, were seized during the investigation. He asserts that an order was issued in his state court case authorizing the return of the property to his family, but that when they went to pick it up they were informed that the property had been turned over to federal authorities. *Id.*

The court redesignated Lyons's motion as a new civil case and the government has filed a response. Doc. 3. The government states that it does not have the described items.

"Said items, if seized," it maintains, "remain[] in the possession of the Jefferson Davis Parish Sheriff's Office." *Id.* at 2.

Lyons's unsupported allegations to the contrary, the government has shown that it never had possession of the seized property. Therefore it does not have the ability to return it to Lyons. *Accord United States v. Garcon*, 406 F. App'x 366, 370 (5th Cir. 2010). Because the government never possessed the items, the court has no jurisdiction over any challenge Lyons might raise to its procedures. *Landry v. United States*, 600 F. App'x 216, 219 (5th Cir. 2015) (citing *Reyna v. United States*, 180 F. App'x 495, 496 (5th Cir. 2006)). Additionally, there is no cognizable federal claim against the government or any agent thereof that Lyons may amend his complaint to assert. *See Gomez v. United States*, 2015 WL 3421045, at *7 (N.D. Tex. May 27, 2015) (*Bivens* claim only available with evidence that property was destroyed by a federal official). To the extent that Lyons would wish to proceed against state actors for the alleged deprivation of his property, he has remedies available in state court. *Id.*; *see Taiae v. City of Baton Rouge*, 808 So.2d 677, 680 (La. Ct. App. 1st Cir. 2001) ("Aside from the theory of conversion, we note there are several statutes that deal with the disposition of seized property."). Accordingly, the court will deny the motion and dismiss this suit.

**THUS DONE AND SIGNED** in Chambers on the 12th day of November, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE